UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
C. ANDREW SALZBERG, M.D..

                                        Plaintiff

     v.

AETNA INSURANCE COMPANY AS
ADMINISTRATOR, BANK OF AMERICA
CORPORATION, JOHN AND JANE DOES (1-10)
and ABC CORPORATIONS (1-10),

                                        Defendants.
-------------------------------------------------------------------X

## <u>NOTICE OF REMOVAL</u>

Pursuant to 28 U.S.C. §§ 1441, the defendants, AETNA LIFE INSURANCE

COMPANY, sued here as AETNA INSURANCE COMPANY AS

ADMINISTRATOR (hereinafter referred to as "Aetna"), and BANK OF

AMERICA CORPORATION, by and through their undersigned counsel, LAW

OFFICE OF MARIAN POLOVY, by John Hunt, Esq., hereby remove this action

from the New York State Supreme Court, County of Westchester, to the United

States District Court for the Southern District of New York.  Removal is based on

federal question jurisdiction.

A cause of action that was initially filed in State Court may be removed by

the defendant to federal court when the district courts of the United States have

original jurisdiction.  Pursuant to 28 U.S.C. § 1331, the district courts have original

1

jurisdiction over all civil actions arising under the United States Constitution and the laws and treaties of the United States.   Under the "well pleaded complaint rule," federal jurisdiction exists when a federal question is present on the face of the plaintiff's properly pleaded complaint.   The corollary to the well pleaded complaint rule is the artful pleading rule, whereby a plaintiff cannot avoid removal by declining to plead necessary federal questions.

Although a federal question does not appear on the face of the initial pleading filed by plaintiff, C. ANDREW SALZBERG, M.D., the plaintiff's four causes of action are artfully pled claims that are actually a claim under federal law. Plaintiff's state law claims should be addressed under section 502(a) and 510 of the Employee Retirement and Income Security Act ("ERISA"), 29 U.S.C. §1140, and the action is removable to federal court under the doctrine of complete preemption given that plaintiff's claims relate to an ERISA employee benefit plan.

In support of its notice, defendant states as follows:  This case was originally filed by plaintiff in the Supreme Court of New York Westchester County under Index Number 64387/2017 on September 20, 2017.  A copy of the summons and complaint received by defendant, Aetna, is attached as Exhibit A.

**The Complaint filed in State Court**

In the Complaint, plaintiff, C. ANDREW SALZBERG, M.D., alleges that he is entitled to recover for the surgical services that he rendered to his patient "DM" on May 15, 2013. "DM" was employed by Bank of America Corporation, and she received health benefits through Bank of America Corporation. Bank of America Corporation sponsored a self-insured health plan administered by Aetna.

The causes of action are summarized as follows:

First Cause of Action- Breach of Contract

Plaintiff alleges an implied in fact contract had been created through defendants' course of conduct. Plaintiff billed $78,674.00 and was paid $12,936.87. Plaintiff seeks to recover $65,737.13, plus interest, costs and attorney's fees.

Second Cause of Action – Promissory Estoppel

Plaintiff alleges that by providing pre-surgery authorization to plaintiff, defendants promised that plaintiff would be paid for his services. The damages sought are the same as those sought in the first cause of action.

Third Cause of Action - Account Stated

Plaintiff alleges that plaintiff provided medical services that were authorized by defendants, and defendants acknowledge receipt of bills and have not objected

to the billed amounts.   The damages sought are the same as those sought in the first cause of action.


Fourth Cause of Action –Fraudulent Inducement

Plaintiff alleges that by providing pre-surgery authorization to plaintiff, defendants induced plaintiff to provide the medical services requested by patient, "DM."   In the Fourth Cause of Action, plaintiff's seeks to recover the alleged unpaid medical bills totaling $65,737.13, plus interest, costs, and attorney's fees. In addition, plaintiff seeks to recover $100,000 in punitive damages.

Defendant, Aetna, received a copy of the summons and complaint by process server on September 29, 2017.

**Federal Jurisdiction**

This Court has federal question jurisdiction.  Though plaintiff does not expressly alleges claims under the Employee Retirement Income Security Act of 1974, 29 USC § § 1001 to 1461 (ERISA), ERISA applies in this case.  This Court has subject matter jurisdiction over ERISA claims under 28 USC §  1331 and 29 USC § 1132(e).   Although the presence of federal-question jurisdiction is generally governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint, an "independent corollary" to the well-

pleaded complaint rule is the principle that a plaintiff may not defeat removal by omitting to plead necessary federal questions. The artful pleading doctrine allows removal where federal law completely preempts a plaintiff's state law claim. Gobeille v. Liberty Mut. Ins. Co., 136 S.Ct. 936, 943 (2016). ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). Id.

In this case, the plaintiff's state common law causes of action filed in state court are preempted by ERISA and fall within the federal laws establishing exclusive federal jurisdiction over suits by an assignee of a beneficiary to recover benefits from a covered health insurance plan. The real nature of the plaintiff's claim is a claim to recover benefits as an assignee of "DM" (the patient/insured) under a covered plan or to enforce plaintiff's rights as an assignee of the patient under the terms of the plan pursuant to ERISA, regardless of plaintiff's characterization. In Metropolitan Life Insurance Co. v. Taylor, 481 U.S. 58 (1987), the Supreme Court applied the complete preemption doctrine in an ERISA case, holding that Congress intended to make removable all claims within the scope of the ERISA civil enforcement provisions of § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).

5

Therefore, federal question jurisdiction exists over plaintiff's claims under 28 U.S.C. § 1331, because the resolution of plaintiff claims will require adjudication of disputed questions of federal law.

In accordance with 28 U.S.C. § 1446(d), defendant gave written notice to plaintiff by serving this Notice of Removal on plaintiff by mail and filed a copy in the New York State Court on October 13, 2017.

The removal of this action to this Court is timely under 28 U.S.C. § 1446(b)(1), because this Notice of Removal is filed within thirty (30) days after September 29, 2017, which is the date defendant, Aetna, first received the summons and complaint in this action.

The United States District Court for the Southern District of New York is the proper place to file this Notice of Removal under 28 U.S.C. § 1441, because it is the federal district court that embraces the place where the original action was filed and is pending.

**Conclusion**

For the foregoing reasons, defendants, Aetna and Bank of America Corporation, respectfully request that this civil action be, and is hereby, removed to the United States District Court for the Southern District of New York, that this Court assume jurisdiction of this civil action, and that this Court enter such other and further orders as may be necessary to accomplish the requested removal and

promote the ends of justice, including hearing any motion to remand the case back

to State court.

Dated:      New York, New York
              October 13, 2017

                        LAW OFFICE OF MARIAN POLOVY
                        Attorney for defendants
                        AETNA LIFE INSURANCE COMPANY,
                        sued here as AETNA INSURANCE
                        COMPANY AS ADMINISTRATOR, and
                        BANK OF AMERICA CORPORATION

                        By John Hunt, Esq. (5062)
                        192 Lexington Avenue, Suite 903
                        New York, NY 10016
                        (212) 696-0133

To:

LAW OFFICES OF COHEN & HOWARD, LLP
766 Shrewsbury Avenue, Suite 301
Tinton Falls, New Jersey   07724
(732) 747-5202
Attn:  Aaron A. Mitchell, Esq.

7

## CERTIFICATE OF SERVICE

I, JOHN HUNT, ESQ., hereby certify that on **October 13, 2017**, I am

admitted to practice law in New York State and Connecticut and the US District

Court, Southern and Eastern Districts of New York.  I am not a party to this action.

I am over 18 years of age.

I electronically filed the foregoing Notice of Removal with the Clerk of the

Court using the CM/ECF System and served a true and correct copy of same on

plaintiff's attorney,   via First Class Mail, postage prepaid, addressed to:

LAW OFFICES OF COHEN & HOWARD, LLP
766 Shrewsbury Avenue, Suite 301
Tinton Falls, New Jersey   07724
(732) 747-5202
Attn:  Aaron A. Mitchell, Esq.


Dated October 17, 2017

John Hunt

FILED: WESTCHESTER COUNTY CLERK 09/20/2017 03:14 PM
NYSCEF DOC. NO. 1

INDEX NO. 64387/2017

RECEIVED NYSCEF: 09/20/2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

------------------------------------------------------

C. ANDREW SALZBERG, M.D.

                Plaintiff

      against

AETNA INSURANCE COMPANY AS
ADMINISTRATOR, BANK OF AMERICA
CORPORATION, JOHN AND JANE
DOES (1-10) and ABC CORPORATIONS
(1-10),

                Defendants

Index No.:

SUMMONS

------------------------------------------------------x

**To the above named Defendants:**

      **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
       September 19, 2017

                          LAW OFFICES OF COHEN & HOWARD, L.L.P.
                          Attorneys for Plaintiff

                          BY:_____
                              Aaron A. Mitchell, Esquire

I

FILED: WESTCHESTER COUNTY CLERK 09/20/2017 03:14 PM

NYSCEF DOC. NO. 1

INDEX NO. 64387/2017

RECEIVED NYSCEF: 09/20/2017

766 Shrewsbury Avenue, Suite 301
Tinton Falls, New Jersey 07724
(732) 747-5202
(732) 747-5259 (fax)
amitchell@cohenandhoward.com

TO:

Aetna Insurance Company
c/o CT Corporation System
111 Eighth Avenue
New York, New York 10011

Bank of America Corporation
100 North Tryon Street
Charlotte, North Carolina 28255

2

FILED: WESTCHESTER COUNTY CLERK 09/20/2017 03:14 PM
NYSCEF DOC. NO. 1

INDEX NO. 64387/2017
RECEIVED NYSCEF: 09/20/2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

-----------------------------------------------------------

C. ANDREW SALZBERG, M.D.

               Plaintiff

      against

AETNA INSURANCE COMPANY AS
ADMINISTRATOR, BANK OF AMERICA
CORPORATION, JOHN AND JANE
DOES (1-10) and ABC CORPORATIONS
(1-10),

               Defendants

-------------------------------------------------------------x

Index No.:

**COMPLAINT**

      COMES NOW Plaintiff, C. Andrew Salzburg, M.D., by way and through its attorneys

Cohen & Howard, LLP and as and for its Complaint against defendants, Aetna Insurance

Company, Bank of America Corporation, John and Jane Does (1-10), and ABC Corporations (1-

10), says:

## THE PARTIES

      1. Plaintiff, C. Andrew Salzberg, M.D. (hereinafter referred to as "Dr. Salzberg") with a

business address of 155 White Plains Road, Tarrytown Village in the Town of Greenburg,

County of Westchester, and State of New York is now and was at all times relevant to this action

a Board Certified Plastic Surgeon with a Fellowship in Plastic and Reconstructive Surgery, who

is licensed to practice under the Laws of the State of New York, providing healthcare services.

      2. Upon information and belief, at all relevant times, defendant, Bank of America

Corporation, (hereinafter referred to a "Bank of America") maintains offices and conducted

significant business in the State of New York and acted as plan sponsor and/or administrator for

Bank of America's employee health welfare plan.

FILED: WESTCHESTER COUNTY CLERK 09/20/2017 03:14 PM
NYSCEF DOC. NO. 1

INDEX NO. 64387/2017
RECEIVED NYSCEF: 09/20/2017

3. Defendant, Bank of America maintains a corporate business office address of 100 North Tryon Street, Charlotte, North Carolina.

4. Upon information and belief, at all relevant times, defendant, Aetna Insurance Company (hereinafter referred to as "Aetna") was a corporation whose headquarters are located 151 Farmington Avenue, Hartford, Connecticut, which conducted and continues to conduct significant business in the State of New York.

5. Upon information and belief, at all relevant times, defendant, Aetna acted as the plan administrator and/or claims administrator for defendant, Bank of America.

6. At all times relevant, upon information and belief, fictitious defendants, John and Jane Does 1 through 10 and ABC Corporations 1 through 10, are yet to be identified entities who directly and proximately caused damages to plaintiff.

## JURISDICTION AND VENUE

7. Plaintiff's offices are located in Westchester County, New York and all medical services which are the subject matter of this action were rendered at St. John's Riverside Hospital at Dobbs Ferry Pavilion located in Westchester County, New York.

8. Patient "DM", (herein identified only by her Aetna Identification No.: 824430127) at all relevant times lived in the State of New York.

9. At all times relevant, upon information and belief, defendant, Bank of American employed the patient, "DM" and sponsored her health benefits.

10. Upon information and belief, at all relevant times, "DM" was employed at defendant, Bank of America's office in New York, New York.

-2-

FILED: WESTCHESTER COUNTY CLERK 09/20/2017 03:14 PM

NYSCEF DOC. NO. 1

INDEX NO. 64387/2017

RECEIVED NYSCEF: 09/20/2017

11. Plaintiff is proceeding on its own individual claims concerning medical services.

13. The amount in controversy is in excess of $65,000.00.

14. For all the reasons stated above, this Court has jurisdiction over this matter and, further, it is the proper venue for this matter to be heard.

## FACTUAL BACKGROUND

15. This dispute arises out of the defendants' refusal to pay plaintiff the money to which plaintiff is entitled for providing necessary medical services to patient, "DM".

16. At all relevant times, plaintiff was a non-participating or out-of-network provider that rendered medically-necessary surgery to patient, "DM".

17. At all relevant times, patient, "DM" received health benefits through her employer, defendant, Bank of America, which is a self-insured plan administered by defendants acting as authorized agents for principal defendant, Aetna.

18. The patient, "DM" had been diagnosed with breast cancer and had previously undergone a bilateral mastectomy and sought treatment and care with an out-of-network provider for her immediate breast reconstruction. Since in reviewing defendant, Aetna's network, the patient, "DM" could not locate an in-network provider.

19. Prior to performing the surgery, which is the subject matter of this Complaint, plaintiff's office called the defendants to request prior authorization for the surgery. The plaintiff received from the defendants, authorization approving the rendering of surgical services to the patient, "DM" under authorization number 63177866.

20. On May 15, 2013, plaintiff provided medically-necessary, <u>pre-authorized</u> surgery,

-3-

FILED: WESTCHESTER COUNTY CLERK 09/20/2017 03:14 PM          INDEX NO. 64387/2017

NYSCEF DOC. NO. 1                                             RECEIVED NYSCEF: 09/20/2017

namely: right breast reconstruction  utilizing other technique, left breast reconstruction utilizing

other technique, right breast capsulotomy, removal and replacement of right breast implant, and

left breast capsulotomy, removal and replacement of left breast implant.

21.  Surgery was performed by C. Andrew Salzberg, M.D., who is a highly trained and

skilled Board Certified Plastic Surgeon with a Fellowship in Plastic and Reconstructive Surgery.

22.  Plaintiff billed defendants for the primary surgeon charges a total of $78,674.00.

23.  The total billed charges for the medically-necessary surgery was $78,674.00, which

represents usual and customary charges for the complex procedure performed by a Board

Certified Plastic Surgeon with a Fellowship in Plastic and Reconstructive Surgery practicing in

New York.

24.  The defendants paid a total of $12,936.87 toward these reasonable charges, leaving

the patient with a balance due on this bill of more than $65,000.00.

25.  The amount paid to plaintiff by defendants represents a gross underpayment and does

not comport in any way with usual, customary or reasonable payments for the type of service

rendered by a provider with the skill, experience and training of the doctor provided by plaintiff

in this geographical area.

26.  While defendants were aware that the plaintiff was an out-of-network provider,

defendants never disclosed that payments made for the procedures would be denied in full or

paid far below the usual and customary rates for these services.  To the contrary, defendants

induced plaintiff to provide the medical services with the explicit knowledge that it never

intended to pay the amounts it was obligated to pay.

-4-

FILED: WESTCHESTER COUNTY CLERK 09/20/2017 03:14 PM          INDEX NO. 64387/2017
NYSCEF DOC. NO. 1                                               RECEIVED NYSCEF: 09/20/2017

## FIRST COUNT
### (Breach of Contract)

27. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs "1" through "26" of this Complaint with the same force and effect as if fully set forth herein at length.

28. Plaintiff hereby alleges that an implied in-fact contract has been created through defendants' course of conduct and interaction with plaintiff.

29. By authorizing the surgery, defendants agreed to pay the usual and customary rates for the medical services provided by the plaintiff and plaintiff performed said services based upon those terms.

30. This implied contract indicated that plaintiff would be paid by defendants a fair and reasonable amount for the highly-skilled services provided by the plaintiff.

31. However, plaintiff was paid only a fraction -- $12,936.87 -- of the usual, customary and reasonable amount of $78,674.00 for the highly-skilled services provided to patient, "DM".

32. Plaintiffs have suffered significant damages as a result of defendants' actions.

33. As a direct result of defendants' breaches of the contract, plaintiffs have been damaged in an amount to be determined at trial, but not less than $65,737.13, plus interest, costs, and attorneys' fees.

## SECOND COUNT
### (Promissory Estoppel)

34. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs "1" through "33" of this Complaint with the same force and effect as if fully set forth

-5-

FILED: WESTCHESTER COUNTY CLERK 09/20/2017 03:14 PM

NYSCEF DOC. NO. 1

INDEX NO. 64387/2017

RECEIVED NYSCEF: 09/20/2017

herein at length.

35.   By providing pre-surgery authorization to plaintiff, defendants promised that plaintiff would be paid for its services at the usual, customary and reasonable rate.

36.   Plaintiff relied upon this promise to its detriment by spending valuable time, resources, and energy in providing medical services to patient, "DM".

37.   Plaintiff has suffered significant damages as a result of defendants' actions.

38.   As a direct result of defendants' refusal to pay plaintiff the usual, customary, reasonable and fair value for the services plaintiff provided at the behest of defendants, plaintiff has been damaged in an amount to be determined at trial, but not less than $65,737.13, plus interest, costs, and attorneys' fees.

## THIRD COUNT
### (Account Stated)

39.   Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs "1" through "38" of this Complaint with the same force and effect as if fully set forth herein at length.

40.   After providing the medical services, which were authorized by defendants, plaintiff submitted bills and requests for payment to defendants in the sum total of $78,674.00.

41.   To date, defendants, having acknowledged receipt of the bills, have paid a small portion, $12,936.87, of the invoices, but have not objected, in any manner to the billed amounts, including, but not limited to, the amount billed or to the services provided.

42.   Plaintiff has suffered significant damages as a result of defendants' action.

-6-

FILED: WESTCHESTER COUNTY CLERK 09/20/2017 03:14 PM

NYSCEF DOC. NO. 1

INDEX NO. 64387/2017

RECEIVED NYSCEF: 09/20/2017

43. As a direct result of defendants' refusal to pay plaintiff for the medical services provided and billed to defendants, who acknowledged receipt without objection, plaintiff has been damaged in an amount to be determined at trial, but not less than $65,737.13, plus interest, costs, and attorneys' fees.

## FOURTH COUNT
### (Fraudulent Inducement)

44. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs "1" through "43" of this Complaint with the same force and effect as if fully set forth herein at length.

45. By providing pre-surgery authorization to plaintiff, defendants induced plaintiff to provide the medical services requested by patient, "DM".

46. Inherent in the authorization was the promise to pay plaintiff the usual, customary, reasonable, and fair value for the services provided.

47. Relying upon this promise to pay by defendants, plaintiff provided the necessary medical services requested by plaintiff, "DM".

48. Unbeknownst to plaintiff, defendants never intended to pay the plaintiff usual, customary, reasonable and fair value for the medical services provided, instead inducing plaintiff to provide the medical services with the intent to pay plaintiff less than 16% of the usual, customary, reasonable, and fair value of the medical services provided, plaintiff would have elected not to provide the services.

49. Plaintiff has suffered significant damages as a result of defendants' actions.

-7-

FILED: WESTCHESTER COUNTY CLERK 09/20/2017 03:14 PM       INDEX NO. 64387/2017
NYSCEF DOC. NO. 1                                          RECEIVED NYSCEF: 09/20/2017

50. As a direct result of defendants' refusal to pay plaintiff the usual, customary, reasonable, and fair value for the services plaintiff provided at the behest of defendants, plaintiff has been damaged in amount to be determined at trial, but not less than $65,737.13, plus interest, costs, and attorneys' fees, along with punitive damages in the sum of $100,000.00.

**WHEREFORE,** plaintiff respectfully demands judgment against defendants:

1. As and for its First cause of action, for breach of an implied contract in an amount to be determined at trial, but not less than $65,737.13, along with its reasonable attorneys' fees, interest, costs and expenses; and

2. As and for its Second cause of action under the theory of promissory estoppel in an amount to be determined at trial, but not less than $65,737.13, along with its reasonable attorneys' fees, interest, costs and expenses; and

3. As and for its Third cause of action for an account stated, in an amount to be determined at trial, but not less than $65,737,13, along with its reasonable attorneys' fees, interest, costs and expenses; and

4. As and for its Fourth cause of action for fraudulent inducement in an amount to be determined at trial, but not less than $65,737.13, along with its reasonable attorneys' fees, interest, costs and expenses, and with punitive damages in the sum of $100,000.00; and

5. Along with such other, further, relief that the Court deems just and proper.

Dated: New York, New York
        September 19, 2017

-8-

FILED: WESTCHESTER COUNTY CLERK 09/20/2017 03:14 PM

NYSCEF DOC. NO. 1

INDEX NO. 64387/2017

RECEIVED NYSCEF: 09/20/2017

LAW OFFICES OF COHEN & HOWARD, L.L.P.
Attorneys for Plaintiff

BY: _____

Aaron A. Mitchell, Esquire
766 Shrewsbury Avenue, Suite 301
Tinton Falls, New Jersey 07724
(732) 747-5202
(732) 747-5259 (fax)
amitchell@cohenandhoward.com

-9-