```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
C. ANDREW SALZBERG, M.D.,                    :
                         Plaintiff,          :
                                             :
v.                                           :    OPINION AND ORDER
                                             :
AETNA INSURANCE COMPANY AS                   :    17 CV 7909 (VB)
ADMINISTRATOR, BANK OF AMERICA               :
CORPORATION, JOHN AND JANE DOES              :
(1-10), and ABC CORPORATIONS (1-10),         :
                         Defendants.         :
--------------------------------------------------------------x
```

Briccetti, J.:

Plaintiff C. Andrew Salzberg, M.D., brings this action against defendants Aetna Insurance Company ("Aetna"), Bank of America Corporation (the "Bank"), and several as yet unidentified defendants, asserting claims for breach of contract, promissory estoppel, account stated, and fraudulent inducement.

On October 16, 2017, Aetna removed the case from Supreme Court, Westchester County, to this Court. (Doc. #1).

Now pending is plaintiff's motion to remand the case to state court. (Doc. #10).

For the following reasons, the motion is DENIED.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367.

## BACKGROUND

In considering the motion to remand, the Court accepts as true all relevant allegations in the complaint and construes all factual ambiguities in favor of plaintiff. See Fed. Ins. Co. v. Tyco Int'l Ltd., 422 F. Supp. 2d 357, 391 (S.D.N.Y. 2006). The Court may consider materials outside of the complaint, "such as documents attached to a notice of removal or a motion to remand that convey information essential to the court's jurisdictional analysis." Romero v. DHL

1

Express (U.S.A), Inc., 2016 WL 6584484, at *1 (S.D.N.Y. Nov. 7, 2016) (citing BGC Partners, Inc. v. Avison Young (Canada), Inc., 919 F. Supp. 2d 310, 312 n.3 (S.D.N.Y. 2013)).

Plaintiff is an out-of-network healthcare provider who performed medically-necessary surgery on patient "DM."

DM was previously diagnosed with breast cancer, and sought treatment from plaintiff for breast reconstruction.

As an employee of the Bank, DM was the beneficiary of a self-insured healthcare plan administered by Aetna (the "Plan").

On April 23, 2013, DM assigned her benefits under the Plan to plaintiff's surgery practice, giving plaintiff the right "to perform all actions, appeals or otherwise, required for claim payment." (Hunt Aff. Ex. A).

Prior to performing DM's surgery, plaintiff's office called Aetna for authorization.

On May 9, 2013, plaintiff received an approval letter from Aetna. The letter states Aetna approved coverage for "Periprosthetic Capsulectomy, Breast 2 Time(s)," "Immediate Insertion of Breast Prosthesis Following Mastopexy, Mastectomy Or In Reconstruction 2 Time(s)," and "Breast Reconstruction With Other Technique 2 Time(s)." (Reply Br. Ex. A).

On May 15, 2013, plaintiff performed DM's surgery.

Plaintiff billed $78,674.00 for the surgery, and defendants paid $12,936.87.

On September 20, 2017, plaintiff commenced an action in Supreme Court, Westchester County, asserting claims under New York state law for breach of contract, promissory estoppel, account stated, and fraudulent inducement. Plaintiff alleges defendants' $12,936.87 payment "represents a gross underpayment and does not comport in any way with usual, customary or reasonable payments for the type of service rendered by a provider" with plaintiff's "skill,

experience and training." (Compl. ¶ 25). Plaintiff's complaint seeks $65,737.13, plus interest, costs, and attorney's fees.

On October 16, 2017, defendants removed the case to this court, based on federal question jurisdiction under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1140.

## DISCUSSION

I.  Legal Standard

   A.   Motion to Remand

A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). A district court has subject matter jurisdiction over removed cases "arising under" federal law for purposes of 28 U.S.C. § 1331, "when the plaintiff's 'well-pleaded complaint' raises an issue of federal law." New York v. Shinnecock Indian Nation, 686 F.3d 133, 138 (2d Cir. 2012) (quoting Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987)).

The rules regarding removal are to be strictly construed. Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32 (2002). "[F]ederal courts are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress." Durant, Nichols, Houston, Hodgson, & Cortese-Costa, P.C. v. Dupont, 565 F.3d 56, 62 (2d Cir. 2009) (internal quotation omitted). Thus, the party seeking removal and asserting federal jurisdiction bears the burden of establishing the court has original jurisdiction. McCulloch Orthopaedic Surgical Servs., PLLC v. Aetna Inc., 857 F.3d 141, 145 (2d Cir. 2017).

"Under the well-pleaded complaint rule, a defendant generally may not remove a case to federal court unless the plaintiff's complaint establishes that the case arises under federal law."

McCulloch Orthopaedic Surgical Servs., PLLC v. Aetna Inc., 857 F.3d at 145 (internal quotation omitted). There is an exception, however, when "a federal statute wholly displaces the state-law cause of action, such that the claim, even if pleaded in terms of state law, is in reality based on federal law." Id. (internal quotation omitted).

### B. ERISA Preemption

The ERISA civil enforcement scheme allows a plan "participant" or "beneficiary" to bring an action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." ERISA § 502(a)(1)(B) (codified at 29 U.S.C. § 1132(a)). ERISA "completely preempts any state-law cause of action that 'duplicates, supplements, or supplants' an ERISA remedy." Montefiore Med. Ctr. v. Teamsters Local 272, 642 F.3d 321, 327 (2d Cir. 2011) (quoting Aetna Health Inc. v. Davila, 542 U.S. 200, 210 (2004)). Thus, if plaintiff's claims "fall within the scope of § 502(a)(1)(B)," those claims are preempted by ERISA. Id. at 328.

The Supreme Court established a two-part test to determine whether a claim falls "within the scope" of Section 502(a)(1)(B). Montefiore Med. Ctr. v. Teamsters Local 272, 642 F.3d at 328 (quoting Aetna Health Inc. v. Davila, 542 U.S. at 210). ERISA completely preempts claims when (i) they are brought by "an individual [who], at some point in time, could have brought his claim under ERISA § 502(a)(1)(B)," and (ii) "there is no other independent legal duty that is implicated by a defendant's actions." Aetna Health Inc. v. Davila, 542 U.S. at 210. "The test is conjunctive; a state-law cause of action is preempted only if both prongs of the test are satisfied." Montefiore Med. Ctr. v. Teamsters Local 272, 642 F.3d at 328.

4

II.   Application

   A.   Standing

Plaintiff asserts he lacks standing to bring a claim under ERISA, and therefore does not satisfy the first prong of the Davila test.

The Court disagrees.

In analyzing the first prong of the Davila test, the Second Circuit considers (i) "whether the plaintiff is the type of party that can bring a claim pursuant to § 502(a)(1)(B)," and (ii) "whether the actual claim that the plaintiff asserts can be construed as a colorable claim for benefits pursuant to § 502(a)(1)(B)." Montefiore Med. Ctr. v. Teamsters Local 272, 642 F.3d at 328.

First, because DM assigned her benefits to plaintiff, he is the type of party that can bring a claim pursuant to Section 502(a)(1)(B). See Montefiore Med. Ctr. v. Teamsters Local 272, 642 F.3d at 329 ("[A] narrow exception to the ERISA standing requirements . . . grant[s] standing to healthcare providers to whom a beneficiary assigned his claim in exchange for health care.") (internal quotation omitted).

Second, plaintiff's claims present a colorable claim for benefits under Section 502(a)(1)(B). In Montefiore, the court distinguished

> between claims involving the "right to payment" and claims involving the "amount of payment"—that is, on the one hand, claims that implicate coverage and benefits established by the terms of the ERISA benefit plan, and, on the other hand, claims regarding the computation of contract payments or the correct execution of such payments. The former are said to constitute claims for benefits that can be brought pursuant to § 502(a)(1)(B), while the latter are typically construed as independent contractual obligations between the provider and . . . the benefit plan.

Montefiore Med. Ctr. v. Teamsters Local 272, 642 F.3d at 331.

Here, Aetna refused at least some of plaintiff's claims because certain services were not covered by the plan. For example, under Claim ID E4PA6SM8900, $11,065.50 was deemed "not payable" because "the charge for the assistant surgeon, co-surgeon, or surgical team [was] not covered under the member's plan." (Hunt. Aff. Ex. B at 1). Thus, plaintiff's claims implicate "coverage and benefit determinations as set forth by the terms of the ERISA benefit plan," and can be construed as colorable claims for benefits under Section 502(a)(1)(B). Montefiore Med. Ctr. v. Teamsters Local 272, 642 F.3d at 325.

Accordingly, plaintiff has standing to bring a claim under ERISA, and the first prong of the Davila test is satisfied.

B.     "No Other Independent Legal Duty"

Plaintiff argues Aetna's May 9, 2013, approval letter establishes an independent legal duty, and therefore his claims do not satisfy the second prong of the Davila test.

The Court disagrees.

The "detailed coverage information" in the Bank's Health and Insurance Summary Plan Description states it is the beneficiary's "responsibility to ensure that precertification has been obtained prior to receiving" out-of-network medical services. (Hunt Aff. Ex. C at 64). Beneficiaries are instructed to consult Aetna's website for "a complete listing of precertification requirements." (Id. at 63). According to that listing, two of the three procedures for which Aetna's May 9, 2013, letter approved coverage required precertification. Aetna's precertification process does not establish an independent legal duty because it "was expressly required by the terms of the Plan itself and is therefore inextricably intertwined with the interpretation of Plan coverage and benefits." Montefiore Med. Ctr. v. Teamsters Local 272, 642 F.3d at 332.

Plaintiff identifies no other action by defendants implicating an independent legal duty.

6

Accordingly, defendants have no independent legal duty to plaintiff, and the second prong of the Davila test is satisfied.

For the foregoing reasons, the Court concludes defendants have established that at least some of plaintiff's state law claims are completely preempted by ERISA, and removal was proper in this case.

III.     Supplemental Jurisdiction

Defendants assert the Court has supplemental jurisdiction over plaintiff's state law claims that are not preempted by ERISA.

The Court agrees.

Under 28 U.S.C. § 1367(a), "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." The court "may decline to exercise supplemental jurisdiction over a [state] claim" if (i) "the claim raises a novel or complex issue of State law"; (ii) "the claim substantially predominates" over the federal claim; (iii) the court has dismissed all other federal claims; or (iv) there are exceptional circumstances. 28 U.S.C. § 1367(c). "In deciding whether to exercise jurisdiction over supplemental state-law claims, district courts should balance the values of judicial economy, convenience, fairness, and comity." Klein & Co. Futures Inc. v. Bd. of Trade, 464 F.3d 255, 262 (2d Cir. 2006).

Here, the Court has subject matter jurisdiction over plaintiff's claims arising under ERISA. The parties do not dispute that all of plaintiff's claims result from Aetna's failure to pay plaintiff for medical services provided to DM. Accordingly, to the extent any state law claims exist, they arise from the same "common nucleus of operative fact" as plaintiff's federal claims.

United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966).  Further, plaintiff's claims do not appear to present novel questions of state law or exceptional circumstances.  See 28 U.S.C. § 1367(c).

Accordingly, the Court will exercise supplemental jurisdiction over plaintiff's remaining state law claims.

## CONCLUSION

Plaintiffs' motion to remand is DENIED.

The Court sua sponte grants plaintiff leave to file an amended complaint to assert an ERISA cause of action.  The amended complaint shall be filed by March 26, 2018.

The Clerk is instructed to terminate the pending motion.  (Doc. #10)

Dated: March 12, 2018
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge